UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERRY BRANDT ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:06 CV 1 JCH |
| ) | |
| CITY OF LA GRANGE, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss. By way of background, Jerry Brandt is a resident of the City of La Grange, Missouri. He asserts claims against the City of La Grange, the mayor, the city administrator, the city attorney, several members of the city council and of the police department, the Missouri Gaming Commission, and Pinny Rabeneau. Brandt contends that Defendants have violated his rights under the First, Second, Fourth, and Fourteenth Amendments, as well as several federal and state statutes. He claims that they are involved in a "conspiracy against the rights of the Plaintiff and the right to privacy and for the continuous criminal harassment with false arrests, false imprisonment, false State Criminal Complaints, and other false police reports and complaints...." (Complaint, Doc. No. 1, at 1). In the Complaint, he alleges a series of arrests and confrontations with Defendants. He claims that the incidents were intended to prevent him from maintaining his internet "Gossip Pages," in which he "chronicles the City Council meetings and the La Grange police department against their wishes." (Id. ¶ 2). Brandt seeks injunctive and monetary relief against all Defendants.

Defendants[1] brought a Motion to Dismiss Certain Claims on March 3, 2006. (Doc. No. 8). The matter is ready for disposition.

**DISCUSSION**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6). Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) (citation omitted).

Defendants (hereinafter, the "City Defendants") move the Court to dismiss certain claims against them.

1. Criminal Conspiracy

Plaintiff asserts claims against the City Defendants under 18 U.S.C. § 241. This is a criminal

---

[1] The instant Motion to Dismiss was brought by the City of La Grange, the mayor, the city attorney, members of the city council, the chief of police, and three individual police officers. Pinny Rabineau has not been served, so did not join in this Motion. Defendant Missouri Gaming Commission brought a separate Motion to Dismiss.

provision, making it illegal for "two or more persons [to] conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same...." 18 U.S.C. § 241. This statute does "not give rise to a civil action for damages." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242").

Plaintiff's claims under 18 U.S.C. § 241 must be dismissed.

### 2. Right to Privacy

Plaintiff also alleges that the City Defendants violated his right to privacy under 5 U.S.C. § 552a. This statute provides that an agency cannot disclose "any record which is contained in a system of records by any means of communication to any person, or to another agency" with certain exceptions. 5 U.S.C. § 552a. This provision does not allow a civil action against a municipality, because it "appl[ies] only to agencies of the federal government." Pennyfeather v. Tessler, 431 F.3d 54, 56 (2d Cir. 2005) ("under the Privacy Act [ 5 U.S.C. § 552a] ... there is no private right of action against an official or employee of a municipal or state, rather than a federal, agency." (internal quotations omitted)). Although the Eighth Circuit has not addressed this issue, the Court finds the reasoning in Pennyfeather persuasive.

Plaintiff's claims under 5 U.S.C. § 552a must be dismissed

### 3. Statute of Limitations

A number of the alleged actions underlying Plaintiff's 42 U.S.C. § 1983 claim occurred more

than five years ago. The statute of limitations for § 1983 suits in Missouri is five years. Sulik v. Taney County, Mo., 393 F.3d 765, 767 (8th Cir. 2005). Plaintiff filed the Complaint in this case on January 3, 2006. (Doc. No. 1). Any actions that occurred before January 3, 2001 are thereby barred from consideration by the statute of limitations.[2]

4. Plaintiff's Son's Arrest

Plaintiff alleges that his own constitutional rights were violated when his son was arrested. (Complaint, Doc. No. 1 ¶ 26). Plaintiff's son is not a party to this action. Plaintiff concedes that he has not indicated a constitutional right that was violated by his son's arrest. (Motion to Deny Dismissal Motion of Defendants, Doc. No. 14, at 2).

Plaintiff's son's arrest cannot be considered in Plaintiff's § 1983 claim.

5. Expungement of Records

In the "Prayer for Relief" section of the Complaint, Plaintiff asks the Court to order the La Grange City Attorney to expunge the records of Plaintiff's arrests, as well as other records. (Complaint, Doc. No. 1 ¶ K-O). City Defendants argue that, because Plaintiff has not identified a specific constitutional right that has been infringed, the Court cannot order this remedy. The Court disagrees. Plaintiff alleges that he was falsely charged by the police. Missouri law allows for arrest records to be expunged if the "following conditions exist:

---

[2] Plaintiff's claims in paragraphs 46, 47, and 48 of the Complaint thus cannot depend on the alleged actions described in paragraphs 18 through 25. They may depend upon actions that occurred after January 3, 2001.

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;
(2) No charges will be pursued as a result of the arrest;
(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;
(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and
(5) No civil action is pending relating to the arrest or the records sought to be expunged.

Mo. Rev. Stat. § 610.122. If Plaintiff is able to prove the above factors, he could be able to have his arrest records expunged.[3]

City Defendants' Motion to Dismiss the request for expungement is denied.

6.     Punitive Damages

Lastly, City Defendants argue that the Plaintiff's request for punitive damages must be dismissed. Punitive damages are not recoverable against a municipality, unless specifically provided by statute. Kline v. City of Kansas City, Fire Dept., 175 F.3d 660, 670 (8th Cir. 1999). Nor are punitive damages recoverable against individuals in their official capacities as municipal employees. Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996); See also Robb v. Hungerbeeler, 370 F.3d 735, 739 (8th Cir. 2004) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity") (internal citations and quotations omitted). Punitive damages are allowed against municipal employees in their individual capacities, if "'defendant's conduct is shown

---

[3] The Court notes that it is not clear that this Court has jurisdiction to order the expungement of state arrest records. See Mo. Rev. Stat. § 610.123.1 ("Any person who wishes to have a record of arrest expunged pursuant to section 610.122 may file a verified petition for expungement in the civil division of the circuit court in the county of the arrest"). As this issue is not before the Court, it is saved for another day.

to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Swipies v. Kofka, 419 F.3d 709, 718 (8th Cir. 2005) (quoting Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983)).

Plaintiff cannot collect punitive damages claims against the City of La Grange or against the defendants in their official capacities.

### 7. Defendant Pinny Rabeneau

As noted above, Defendant Pinny Rabeneau has not been served. In response to an Order to Show Cause (Doc. No. 22), Plaintiff responded that he will not be able to serve Rabeneau in the foreseeable future. Defendant Rabeneau is dismissed for lack of timely service.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss Certain Claims (Doc. No. 8) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant Rabeneau is dismissed for lack of timely service.

Dated this 26th day of June, 2006

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE