UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY BRANDT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:06 CV 1 JCH |
| | ) | |
| CITY OF LA GRANGE, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Missouri Gaming Commission's Motion to Dismiss. By way of background, Jerry Brandt is a resident of the City of La Grange, Missouri. He asserts claims against the City of La Grange, the mayor, the city administrator, the city attorney, several members of the city council and of the police department, and the Missouri Gaming Commission. Defendant Missouri Gaming Commission brought a Motion to Dismiss on January 23, 2006. (Doc. No. 4). The matter is ready for disposition.

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) which is limited to a facial attack

on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6). Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) (citation omitted).

Defendant Missouri Gaming Commission moves the Court to dismiss the claims against it. The claims against the Missouri Gaming Commission are:

> 39.     That the Gaming Commission of the State of Missouri who decides the police protection for the City of La Grange, Missouri had knowledge of the false complaints filed by the La Grange Police department and officers and refused to do anything to stop the filing of the false complaints both city complaints and state complaints and they did not complain to the City about the actions of these officers in any way for filing these false complaints.
> ...
> 44.     That the Plaintiff several times attempted to contact the Missouri Gaming Commission on the actions of the La Grange Police Department and the City of La Grange and has been continually rebuffed and accused.
> ...
> PRAYER FOR RELIEF
> ...
> I.      Award the amount of $100,000 against the Defendant Missouri Gaming Commission for in intentional and with malice and forethought refusing to stop the harassment and the filing of the false criminal Complaints and false Police reports against the Plaintiff Jerry Brandt, and for Violation of his right to privacy 5 U.S.C. § 552a. And to order the Missouri Gaming Commission to tell the people of La Grange that the gaming commission cannot tell the people and the City of La Grange the number of needed officers to protect the City of La Grange, Missouri and that the City does not need over four police officers.

(Complaint, Doc. No. 1).

Plaintiff's claims against Defendant Missouri Gaming Commission are barred by the Eleventh Amendment. In its Motion to Dismiss, Defendant asserts Plaintiff's claims against it must be dismissed, as they are barred by the Eleventh Amendment. The Eighth Circuit has held that, "[t]he Eleventh Amendment bars a citizen from bringing suit for monetary damages against a state in federal court." Barnes v. State, 960 F.2d 63, 64 (8th Cir. 1992), citing Welch v. Texas Dep't of Hwys. & Public Transp., 483 U.S. 468, 472, 107 S.Ct. 2941, 2945 (1987). The Eighth Circuit continued as

follows:

> When a state is directly sued in federal court, it must be dismissed from litigation upon its assertion of Eleventh Amendment immunity unless one of two well-established exceptions exists.
>
> The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language....Second, a state may waive its immunity to suit in federal court, but only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.

Barnes, 960 F.2d at 64-65 (internal quotations and citations omitted). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself." Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996) (internal quotations omitted). The issue is whether the Missouri Gaming Commission "is to be treated as an arm of the State.... or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572 (1977). The Eighth Circuit instructs that this Court must consider "the agency's degree of autonomy and control over its own affairs and, more importantly, whether a money judgment against the agency will be paid with state funds." Thomas v. St. Louis Bd. of Police Com'rs, 447 F.3d 1082, 1084 (8th Cir. 2006).

The first factor the Court considers is the Commission's degree of autonomy and control over its own affairs. The five members of the Gaming Commission are "appointed by the governor, with the advice and consent of the senate." Mo. Rev. Stat. § 313.004.1. The governor also may "remove any member of the commission from office for malfeasance or neglect of duty in office." Mo. Rev.

Stat. § 313.004.2. The Commission also has statutorily prescribed duties. Mo. Rev. Stat. § 313.004. The second factor, whether a money judgment against the agency will be paid with state funds, is the more important of the two. The statute prescribes that nearly all revenue of the commission is considered state funds. Mo. Rev. Stat. § 313.835.1.[1] Therefore, any judgment against the Commission would necessarily be paid out of he state treasury.

Because the governor has some power over the Commission, and any judgment would be paid out of state funds, the Missouri Gaming Commission is an arm of the state for Eleventh Amendment immunity purposes. Defendant Missouri Gaming Commission's Motion to Dismiss monetary claims against it is granted.

Further, Plaintiff's claim for injunctive relief must be dismissed as well. He alleges that the Missouri Gaming Commission controls the La Grange Police Department. While it is true that the Commission may enter into agreements with local police departments "necessary to carry out the duties of the commission" Mo. Rev. Stat. § 313.004.4, the allegations against the police department are wholly unrelated to the duties of the Missouri Gaming Commission. See Mo. Rev. Stat. § 313.004. Plaintiff also asserts that the Commission violated his right to privacy under 5. U.S.C. § 552a. As this Court has stated earlier, this provision does not allow a civil action against an arm of

---

[1] "All revenue received by the commission from license fees, penalties, administrative fees, reimbursement by any excursion gambling boat operators for services provided by the commission and admission fees authorized pursuant to the provisions of sections 313.800 to 313.850, except that portion of the admission fee, not to exceed one cent, that may be appropriated to the compulsive gamblers fund as provided in section 313.820, shall be deposited in the state treasury to the credit of the 'Gaming Commission Fund' which is hereby created for the sole purpose of funding the administrative costs of the commission, subject to appropriation. Moneys deposited into this fund shall not be considered proceeds of gambling operations. Moneys deposited into the gaming commission fund shall be considered state funds pursuant to article IV, section 15 of the Missouri Constitution." Mo. Rev. Stat. § 313.835.1

the state, "those statutes apply only to agencies of the federal government." Pennyfeather v. Tessler, 431 F.3d 54, 56 (2d Cir. 2005) ("under the Privacy Act [ 5 U.S.C. § 552a] ...'there is no private right of action against' an official or employee of a municipal or state, rather than a federal, agency.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Gaming Commission's Motion to Dismiss (Doc. No. 4) is **GRANTED**.


Dated this 27th day of July, 2006

                                            /s/ Jean C. Hamilton
                                            UNITED STATES DISTRICT JUDGE